**ALLAN D. SARVER** SBN 106282
Attorney at Law
16633 Ventura Boulevard
Suite 800
Encino, California 91436

Telephone No.: (818) 981-0581
Facsimile No.: (818) 981-0026

Attorney for Creditor
Walter N. Prince

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>WILLIAM S. PATRICK<br><br><br><br><br>                    Debtor | CHAPTER 7<br>CASE NO. 1:07-bk-10312GM<br><br>FURTHER MEMORANDUM OF POINTS<br>AND AUTHORITIES SUPPORTING<br>MOTION OBJECTING TO DEBTOR'S<br>CLAIM OF EXEMPTION IN IRA<br>DECLARATION IN SUPPORT<br><br>DATE: November 5, 2008<br>TIME: 10:00 a.m.<br>CTRM: 303 |

**TO: GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE AND TO ALL
INTERESTED PARTIES:**

**COMES NOW** WALTER PRINCE (hereinafter, "MOVANT") appearing
through counsel, Allan D. Sarver who submits the following
Memorandum of Points and Authorities in Support of his Motion
Objecting to Claim of Exemption in IRA, as follows:

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA        1

1

2

# **TABLE OF CONTENTS**

3

4   Further Memorandum of Points and
    Authorities Supporting Motion Objecting
    to Debtor's Claim of Exemption in IRA          Pages 1 -15
5   Proceedings

6
    Introduction                                   Pages 2 - 3
7

8   Memorandum of Points and
    Authorities                                    Pages 4 - 12
9

10  Conclusion                                     Pages 13 -14

11
    Declaration of Allan D. Sarver                 Pages 15
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CASES AND AUTHORITIES

**CASES**                                                                    **Page(s)**

<u>Martin v Commissioner</u>(1994), CA5)
AFTR 2d 1772, 94 TNT 79-19.............................. 8

<u>Rini v Commissioner</u> 956 F.2d. 270
(1992) CA6 1992 US App Lexis 3485...................... 9

**AUTHORITIES**

C.C.P. 703.140(b)(10)(a).............................. 3

**INTERNAL REVENUE CODES**

IRC § 408(D)(3)(b) ................................. 2

IRC §§408, 408a ................................... 3,12,13

IRC § 2002 ......................................... 5

IRC § 402(a)(5) .................................... 5

IRC §403(a)(4) ..................................... 5

IRC §408(d)(3)...................................... 5

IRC §409(b)(3)© .................................... 5

IRC §402(a)(5)(A) .................................. 7

IRC §403(a)(4)(A)................................... 7,12

IRC §408(d)(3)...................................... 7,11

IRC §408 (d)(3)(1)..................................10

IRC §402(c)........................................12

IRC §402(e)(6) ....................................12

IRC §403(a)(4).....................................12

IRC §403 (a)(5) .................................... 12

IRC§ 403(b)(8) ....................................12

**U.S. CODES**

26   USC   408   (d)(3)   (B)...................................
9,11,12,13

1   11 U.S.C. §522 (b)(4) (D .............................. 11,12

2   11 U.S.C. §522 (n) ....................................12,

3
    Rev. Proc. 3008-4, 2008-1 I.R.B. 121 .................. 10
4
    Rev. Proc. 2008-4 2008-1-1 I.R.B. 121 ................. 10
5

6   **LEGISLATIVE HISTORY- CONGRESS AND SENATE**

7   Joint Committee on Internal
    Revenue Taxation US Government
8   Printing Office 1973
    Congressional Information Service
9   Reference NO. H782-49
    Senate Bill H.R. 4 200 and H.R. 10470 .................. 4
10

11  House and Senate Conferees on
    H.R.2, published May 15, 1974 (Part
12  One) and June 19, 1974 (Part Four), US
    Printing Office 1974 (CIS Reference
13  No. S 362-16 and S 362-23 ............................. 4

14  United States Senate Reports 1974

15  Senate Report 93-1090, 93rd Congress
    2d Session, January 21 - December
16  20, 1974, Vol. 4-6 titled EMPLOYEE
    RETIREMENT INCOME SECURITY ACT 1974,
17  U.S. Printing Office 1974 (CIS
    Reference No. S 543-25) ............................... 5
18

19  Joint Explanatory Statement
    of the Committee of Conference
20  Page 249 Senate Report 93-1090......................... 5

21  **United States House of Representative
    Reports 1978**
22
    House Reports Vol. 1- 14, 95th
23  Congress 2d Session, January 19 -
    October 15, 1978, Vol. 1-14
24  titled MISCELLANEOUS REPORTS ON
    PUBLIC BILLS, XIV, US Government
25  Printing Office 1978 contains
    HR Reports 1666 - 1751 and
26  includes HR Report 95-1739 titled
    INDIVIDUAL RETIREMENT PLAN TECHNICAL
27  CHANGES ACT of 1978, dated October
    6, 1978 contains HR Reports 1666
28  through 1751 ......................................... 6

1

2

HR Report 95-1739
titled INDIVIDUAL RETIREMENT
3   PLAN TECHNICAL CHANGES ACT OF 1978
dated October 6, 1978 (CIS Reference No.
4   H-783-82) prepared to accompany
HR 13619.............................................. 6
5

6   PRIVATE LETTER RULING 901007 ...........................9

7   Kleinrock's Federal Tax Experts
CCH ATX, Analysis and Explanation
8   Individuals Sec. 33 Individual Retirement
Accounts Sec.33.10 Rollovers. .......................... 9

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF EXHIBITS

**EXHIBIT A**   –  Form 1099-R – 2006 Showing Gross
Distributions of $362,019.72

**EXHIBIT B**   –  Form 1040 – 2006 Showing Gross
Distributions of $362,019.72

**EXHIBIT C –**  Certification Forms, Distribution Checks and
Re-Deposit Slips

# I. INTRODUCTION:

At a hearing held on Wednesday August 27, 2008, the court advised that in advance of ruling upon the pending Motion Objecting to Claim of Exemption, further briefing was required on what the court believes to be a "disconnect between BAPCPA additions to the 'Code' and the IRC."

The court further discussed certain concepts related to IRAs and their status as exempt:

"When BAPCPA came out, it was with an absolute exemption of retirement funds. They [Congress] included the provisions where funds are rolled over, but via institution to institution, but the kind or type which a taxpayer takes him or himself, there is a time limit in which it can occur. ie: sixty (60) days.."

The Court further inquired, "Did Congress intend to remove the twelve month limit, because they did not say it."

For informational purposes, when IRA funds are moved from one IRA account to another by an institution or custodian of the account, the moves are called "transfers" rather than "rollovers". The funds remain tax-exempt, and there is no restriction on the number of times such transfers may take place. However, when the taxpayer himself withdraws the IRA funds (called a "distribution") he must deposit them into the same or another IRA account within sixty (60) days (called a "rollover contribution"), or lose the tax-exempt status of the funds.

Section 408(d)(3)(B) of the Internal Revenue Code ("IRC") contains a restriction allowing taxpayers to roll over their IRA funds tax-free within sixty (60) days of withdrawing those same

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA     2

1 | funds from the IRA account, but also, does not allow more than

2 | one rollover every twelve months.  This is a change from the

3 | initial law which limited tax-free rollovers to one every three

4 | years.

5 | Movant contends that the twelve-month limitation instituted

6 | by Congress was violated by Debtor, and therefore his IRA is no

7 | longer exempt under BAPCPA.  It is clear that the Debtor must

8 | first have a <u>qualified IRA</u> in order to assert the exemption under

9 | CCP 703.140(b)(10)(a). (emphasis added).

10 | Within a twelve-month period from June 5, 2006 thru

11 | September 27th, 2006, Debtor took the voluntary step of taking

12 | possession and control on three separate occasions of large

13 | distributions from his IRA, then redepositing all three

14 | distributions back into the IRA account within a twelve-month

15 | period.  These were not errors by the bank or any third party.

16 | The second and third withdrawals were fully taxable

17 | distributions, and Debtor's redeposits of these funds into the

18 | IRA account are called "excess contributions", which are **not**

19 | restored to their prior tax-exempt status under IRC Sections 408,

20 | 408a, etc. et. al.

21 | The twelve-month rule exists to avoid IRAs from being used

22 | as piggy banks every sixty days.  The IRA holder cannot take

23 | money out and re-deposit it tax-free at his/her whim.  It can be

24 | done only once in every twelve-month period, and no new

25 | contributions at all can be made after he/she reaches age 70½.

26 | Debtor violated this basic rule and BAPCA made no changes to this

27 | requirement, nor intended any,

28 |

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA      3

1

2  **II.   MEMORANDUM OF POINTS AND AUTHORITIES**

3  **A.   RESTRICTIONS ON ROLLOVERS OF IRA FUNDS ONCE IN A TWELVE-MONTH**

4  **PERIOD IS A TECHNICAL LIMITATION UNRELATED TO CHANGES IN THE**

5  **BAPCPA OR PRIOR VERSIONS.**

6  *1.  Legislative History – Congress and Senate-1973*

7         Committee Print titled TAX TREATMENT OF PENSION PLANS – PART

8  TWO, prepared October 23, 1973 by the staff of the Joint

9  Committee on Internal Revenue Taxation, United States Government

10  Printing Office 1973 (Congressional Information Service [CIS]

11  Reference No. H 782-49); provides in SECTION I -  INDIVIDUAL

12  RETIREMENT ACCOUNTS, under the subheading  *The Senate Bill (H.R.*

13  *4200) and H.R. 10470,*  as follows:

14

15  **"To permit flexibility with respect to the investment of an IRA,
the bills provide that money or property may be Distributed from
an IRA, without payment of tax, if the same amount is reinvested**

16  **by the individual within 60 days in another qualifying IRA."**

17         Two subsequent Committee Prints prepared for the House and

18  Senate Conferees on H.R. 2, and published on May 15, 1974 (Part

19  One) and June 19, 1974 (Part Four), United States Government

20  Printing Office 1974 (CIS Reference No. S 362-16 and S 362-23,

21  respectively) provide that:

22

23  **"Money or property may be distributed from ….an IRA to the plan
participant, on a tax-free basis, if this same money or property
is reinvested by the participant within 60 days in a qualifying**

24  **IRA."** and that **"Tax-free rollovers between IRAs may occur only
once every 3 years."**

25         The Committee Prints also provide that:

26

27  **"No retirement savings deduction is to be allowed for
Contributions made after the year in which the individual attains
age 70 ½, and all such Contributions are to be treated as Excess**

28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA      4

1   Contributions."

2

3   *2.    United States Senate Reports-1974:*

4        Senate Report 93-1090 for the 93rd Congress 2d Session,

5   January 21 – December 20, 1974, Vol. 4-6 titled EMPLOYEE

6   RETIREMENT INCOME SECURITY ACT 1974, United States Government

7   Printing Office 1974 (CIS Reference No. S 543-25) made a number

8   of changes to the ERISA laws; including amending the Internal

9   Revenue Code relating to retirement plans and prohibiting IRA

10  funds from being commingled with other funds.   Section 2002 of

11  the Act amends the IRC as follows, in part:

12  "Sec. 219. RETIREMENT SAVINGS.
    "(b) LIMITATIONS AND RESTRICTIONS –
13       "(3) Contributions After Age 70 ½ – No deduction is
    allowed..which is made during the taxable year of an individual
14  who has attained age 70 ½ before the close of such taxable year.
         "(4) Recontributed Amounts – No deduction is allowable
15  under this section with respect to a rollover contribution
    described in section 402(a)(5), 403(a)(4), 408(d)(3), or
16  409(b)(3)C)."

17
    "Sec. 408. INDIVIDUAL RETIREMENT ACCOUNTS.
18  "(a) INDIVIDUAL RETIREMENT ACCOUNT – For purposes of  this
    section, the term "individual retirement account" means a trust
19  created or organized in the United States for the exclusive
    benefit of an individual or his beneficiaries, but only if the
20  written governing instrument creating the trust meets the
    following requirements:
21       "(5) The assets of the trust will not be commingled with
    other property except in a common trust fund or common investment
22  fund."

23       In the Joint Explanatory Statement of the Committee of

24  Conference, beginning on page 249 of Senate Report 93-1090, the

25  report provides:

26
    "No retirement savings deduction is to be allowed for
27  contributions made during or after the year in which the
    individual attains age 70 ½, and contributions of an individual

28
Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA        5

1  after attaining this age are to be treated as excess
   contributions"

2

3  "To facilitate portability of pensions…the conference substitute
   provides that money or property may be distributed…from an
   individual retirement account to the plan participant, on a tax-
4  free basis, if the same money or property is reinvested by the
   participant within 60 days in a qualifying individual retirement
5  account."

6  "Tax-free rollovers between individual retirement accounts may
   occur only once every three years."

7

8  "The deduction for retirement savings is to be available to
   taxable years beginning after December 31, 1974."

9       The intent of the statute clearly was to isolate IRA funds

10 from other accounts, and to allow the plan participant to

11 personally move his or her IRA funds from one type of investment

12 to another with no undue delays, and no more often that once

13 every three years.  These "rollovers" are in sharp contrast to

14 "transfers" of IRA funds from trustee to trustee, which can be

15 made multiple times in the same month or year, with no

16 restrictions or penalties, and without losing the tax-free status

17 of the funds.

18

   *3. United States House of Representatives Reports-1978*
19

20      House Reports Vol. 1-14 for the 95th Congress 2d Session,

21 January 19 – October 15, 1978, Vol. 1-14 titled MISCELLANEOUS

22 REPORTS ON PUBLIC BILLS, XIV, United States Government Printing

23 Office 1978 contains House Reports 1666 through 1751, and

24 includes House Report 95-1739 which is titled INDIVIDUAL

25 RETIREMENT PLAN TECHNICAL CHANGES ACT OF 1978, dated October 6,

26 1978 (CIS Reference No. H 783-82), and which was prepared to

27 accompany H.R. 13619.  This Act made a number of changes to the

28 IRC of 1954 and to existing individual retirement plan laws.

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA        6

1  Part II of the bill changes the time limit between Rollovers from

2  three years to one year by providing as follows:

3

"**B. Part II of the Bill Relating to Rollovers**
4  "**5. Removal of Certain Restrictions on Rollovers (sec. 24 of the
bill and secs. 402(a)(5)(A), 403(a)(4)(A), and 408(d)(3) of the**
5  **Code)**"

6      "*A.   Present Law*
"....**Under present law, an individual is permitted to make a**
7  **rollover contribution of a distribution from an IRA to another
IRA without including the amount of the distribution in gross**
8  **income, providing the rollover occurs within 60 days after the
date of the distribution. An individual is allowed to engage in**
9  **this type of rollover only one time during any three-year
period.**"

10
      "*Reasons for change*
11      **The committee believes that the restrictions on rollovers as
outlined above are unnecessarily restrictive and may inhibit both**
12  **portability and the opportunity of the plan participant to shift
his or her investment medium or plan trustee as circumstances**
13  **warrant.   Thus, the committee bill....permits rollover
contributions between IRAs once a year (instead of once every**
14  **three years, as under present law.)**"

15      "*B. Explanation of provision*
      **The committee bill also would reduce the limitations on**
16  **rollovers between IRAs which allows only one such rollover every
three years.   Thus, an individual would be allowed to make**
17  **rollover contributions of amounts from one IRA to another once
each year.**"

18
      "*C. Effective Date*
19      **The amendment made by this section will apply to taxable
years beginning after December 31, 1977.**"

20
*4   Summary of Differences Between 1973 and 1978 Amendments*
21
      Although the government made a number of changes in ERISA
22
and IRA laws over the years, the basics of prohibiting the
23
commingling of IRA funds with other accounts remained intact, as
24
well as the placing of restrictions on the number of IRA
25
rollovers that can be made by an individual taxpayer, and the
26
amount of time that must elapse between IRA rollovers.   The 1974
27
laws gave the individual taxpayer 60 days to roll over his/her
28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA      7

1  IRA distributions on a tax-free basis, and allowed only one IRA

2  rollover every three years.  Additional rollovers or other

3  contributions into an IRA account after the taxpayer attained age

4  70 ½ are treated as excess contributions, which are not tax-

5  exempt or tax-deferred.

6      The 1978 laws kept the 60-day rule in place, and reduced the

7  three-year limitation to one year between IRA rollovers.

8  Although waivers of the 60-day rule can be granted by the IRS

9  under specific conditions, no such waivers are allowed for the

10  one-year rule.

11      The trustee/custodian who managed Mr. Patrick's IRA account

12  issued a Form 1099-R at the end of 2006 showing gross

13  distributions of $362,019.72 (**Exhibit A attached hereto),** which

14  accounted for all distributions to Mr. Patrick from the IRA

15  account in 2006, except the first $172,000 he withdrew then

16  redeposited as a legitimate non-taxable rollover contribution.

17  Mr. Patrick's 2006 Federal income tax return Form 1040 also shows

18  IRA distributions of $362,020, on Line 15a on Page 1 of the Form

19  1040 **(Exhibit B attached hereto)**.

20      In a 1994 tax case involving the tax-free status of

21  multiple withdrawals, it was ruled that:

22
23  **"Taxpayer's withdrawal of funds from one IRA and re-deposit into
    another IRA is nontaxable rollover, not trustee-to-trustee
    transfer, so that two subsequent withdrawals in same year were**

24  **taxable distributions".**  Martin v Commissioner (1994, CA5) 73
    AFTR 2d 1772, 94 TNT 79-19.

25
26  **B. THE RESTRICTIONS ON ROLLOVERS OF IRAs ARE NOT MODIFIED BY**

27  **BAPCPA**

28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA      8

1    While a direct bankruptcy case on point has not been

2  located, it appears clear that the technical requirements of the

3  IRC and specifically 26 USC 408(d)(3)(B)permeate BAPCPA.

4      "Proceeds from individual retirement accounts must be rolled
   over within 60 days of receipt even where judicial constraints
5  are imposed upon disposition of funds; order of court in which
   taxpayer's divorce proceedings were pending does not suspend 60
6  day rollover period, and taxpayer is required to include in gross
   income funds he failed to rollover within 60 day period following
7  withdrawal from annuity fund." Rini v Commissioner 956 F.2d270
   (1992) CA6 1992 US App Lexis 3485.

8      Cited for informational purposes only is Private Letter
9  Ruling 9010007: "Taxpayer's temporary withdrawal of funds from
   IRA for personal use can qualify for tax-free treatment where
10 funds are redeposited into same IRA account within 60 day period;
   taxpayer is limited to one tax-free rollover per year."

11   Mr. Patrick attempted to make three rollovers within a

12 twelve month period. In actuality, only one tax deferred

13 "rollover" was made, with the other two being "excess

14 contributions", which are not tax exempt or tax deferred.   There

15 is no question that the debtor violated the basic requirement of

16 IRC Section 408(d)(3)(B).

17   As stated herein above, the key phrase in both the House and

18 Senate Reports is the emphasis on the "reinvestment by the

19 participant within 60 days in a qualifying individual retirement

20 account"(emphasis added).

21

22   "Rollovers are a flexible device used to transfer funds from
   one eligible retirement plan to another.  A rollover is a tax-
23 deferred transaction in which cash or other property distributed
   by a plan or an IRA, followed (or preceded) by contributions to
24 another plan or IRA.  The rollover generally must be made within
   sixty days of receipt of the property distributed, and, if the
25 distribution is made from a qualified plan, must be in the form
   of a direct transfer to avoid withholding." Kleinrock's Federal
26 Tax Experts CCH ATX, Analysis and Explanation, Individuals Sec.
   33. Individual Retirement Accounts Sec. 33.10 Rollovers.

27

28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA      9

C. **THERE WAS NO WAIVER OF THE 60-DAY ROLLOVER LIMITATION IMPOSED BY THE IRC.**

The IRC allows a taxpayer only 60 days to complete a valid rollover, and allows only one rollover only 12 calendar months. Mr. Patrick completed his one allowed rollover on June 12, 2006, at which time he made a valid "rollover contribution" of the $172,000.00 distribution he withdrew on June 5, 2006.  At that point, all the funds in the account were still tax exempt. If he had waited 61 days to redeposit the funds he would have had to have asked for a 60-day waiver from the IRS.

After the rollover contribution was redeposited, all other withdrawals through June 5, 2007 were simply normal distributions, which are fully taxable and thus, not exempt as funds from a qualified IRA would otherwise be under BAPCPA.

"The IRS can waive the 60-day rollover period if the failure to waive that requirement would be against equity or good conscience, including cases of casualty, disaster or other events beyond the individual's reasonable control." (Code Section 408 (d)(3)(1)."

Rev. Proc. 3008-4, 2008-1 I.R.B. 121 provides the mechanism for obtaining a waiver of the 60-day requirement(other than an automatic waiver), and states that "a taxpayer must file a request for a ruling under the procedures provided for ruling requests regarding qualified plans in Rev. Proc. 2008-4 2008-1 I.R.B. 121 (including paying user fee)."

The evidence submitted in this case demonstrates that each of the three times the Debtor attempted a rollover, the six-month

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA        10

1   and twelve-month time restrictions were clearly stated on the

2   face of the three Certification Forms (identified as Fiserv Trust

3   Company Form FI-FISS-3550(10/06) which debtor signed. Page three

4   of each Certification Form has a checked-off line under the

5   section "Transaction Type" which reads "60-day rollover

6   (indirect) (only one can be completed every twelve months)" This

7   line has been checked off by Debtor on each of the three forms.

8   Exhibit "C" hereto includes copies of the three Certification

9   Forms, as well as the Distribution checks and re-deposit slips,

10   dated 06-05-06/06-12-06, 07-14-06/07-24-06, and 08-30-06/09-27-

11   06.

12      There is no evidence of any attempt by Debtor to re-

13   characterize the second and third withdrawals as anything but

14   taxable income, as shown on Exhibit "A" & "B" hereto.

15

16   **D.  DEBTOR'S IRA LOST ITS STATUS AS A QUALIFIED INDIVIDUAL**

17   **RETIREMENT ACCOUNT WHICH BAPCPA REQUIRES AS A CONDITION PRECEDENT**

18   **TO ASSERTION OF THE EXEMPTION.**

19      <u>Debtor contends:</u> "The rule requiring that taxes be paid if a

20   "rollover" occurs in an IRA account more than once every 12

21   months is contained in 26 U.S.C. §408(d)(3)(A and B). 26 U.S.C.

22   §408(d)(3) was not incorporated into the Bankruptcy Code."

23      "While the limitation on rollovers of pension funds

24   contained at 26 U.S.C. §402(c) was incorporated (see 11 U.S.C.

25   §522(b)(4)(D)), Bankruptcy Code Section 522(b)(4)(D) notably

26   omits any mention of 26 U.S.C. §408(d)(3).... Internal Revenue

27

28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA    11

1  Code Section 408(d)(3) does not apply for various significant

2  reasons...:"

3       Debtor's argument is simply incorrect.  As Movant previously

4  argued, the rollover provisions of 26 U.S.C. §408(d)(3)(B) are

5  there for very specific reasons.  BAPCPA does not provide a

6  modification in 11 U.S.C. §522(b)(4)(D) to change the basic

7  requirement that an IRA be "qualified" in order to properly be

8  the subject of a claim of exemption.

9       11 U.S.C. Section 522(n) specifically states:

10          "n) For assets in individual retirement accounts

11  described in section 408 or 408(a) of the Internal Revenue Code

12  of 1986,...the aggregate value of such assets exempted under this

13  section, without regard to amounts attributable to rollover

14  contributions under section 402(c), 402(e)(6), 403(a)(4), 403

15  (a)(5), and 403 (b)(8) of the Internal Revenue Code of 1986, and

16  earnings thereon, shall not exceed $1,000,000 in a case filed by

17  a debtor who is an individual, except that such amount may be

18  increased if the interests of justice so require."

19       The key in the foregoing subsection "n" is contained in the

20  phrase "without regard to amounts attributable to rollover

21  contributions."

22       It is not only highly unlikely, but substantially improbable

23  that Congress would have even thought to include within the

24  revised monetary limitations of Section 522(n), amounts

25  attributable to invalid rollovers which violate the time

26  restraints contained in 26 U.S.C. §408(d)(3)(B).  To do so, would

27  sanction what has already been determined to be a clear violation

28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA     12

1 of the IRC, which the BAPCPA appears to adhere to at least

2 insofar as determining the validity of retirement plans which

3 contain "assets in individual retirement accounts described in

4 sections 408 and 408(a) of the Internal Revenue Code of 1986..."

5 **II.   CONCLUSION:**

6      For all of the foregoing reasons, it is respectfully

7 requested that:

8      a.   The Court disallow the Debtor's claimed exemption as to

9 all amounts claimed as exempt for the period of 1975 - 1981, as

10 well as the interest calculated thereon through 2006, to wit:

11 $119,271.80.

12      b. The Court disallow the $2,000.00 contribution on March 5,

13 1997, plus interest thereon, as duplicative of the 1997

14 contribution made on January 13, 1997.

15      c.   The Court disallow the sum of $4,000.00, deposited on

16 July 17, 2006, plus interest thereon, as Debtor was not allowed

17 by law to make IRA contributions after 2005.

18      d.   The Court disallow the sum of $15,000 deposited on June

19 21, 2006, as a "transfer from another source", plus interest

20 thereon, as this deposit was not a "legitimate rollover" from any

21 known or claimed IRA account;

22      e.   The Court disallow the sum total of the IRA, or so much

23 thereof as he may be entitled, based on Debtor's violations of 26

24 U.S.C. 408(d)(3)(B) which disqualified the complete IRA, and

25 acknowledge only that sum which Debtor requires for his future

26 support per IRS Guidelines, to wit: the maximum sum of

27 $120,158.00.   Further, the court find that Debtor has adequate

28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA      13

1  income from alternative sources, such as SSA and military pension

2  which far exceeds the $120,158 necessary for future support over

3  the next 14 years, so no funds are required from existing bank

4  accounts controlled by Debtor.  At current rates, and presuming

5  no annual cost of living increases, Debtor is scheduled to

6  receive approximately $390,000 from his SSA and military pension

7  over the next 14 years.

8       f. The court find that since the disputed contributions

9  total $140,899.79, they exceed the exempt amount already

10  withdrawn from the IRA thus rendering the remaining balance non-

11  exempt.

12       g.  The Court grant such other relief as it deems just and

13  proper.

14

15  Dated: September 24, 2008

16                                        ALLAN D. SARVER, ESQ.
                                          Attorney for Creditor/Movant
17                                        Walter N. Prince

18

19

20

21

22

23

24

25

26

27

28

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA          14

## DECLARATION OF ALLAN D. SARVER

I ALLAN D. SARVER declare that:

1.   If called upon as a witness I would testify competently and under oath that the within declaration is true and correct of my own personal knowledge.

2. The exhibits submitted herewith are true and correct copies of the those maintained by your declarant in the ordinary and normal course of my law practice.

3.   I declare under penalty of perjury that the within declaration is true and correct and that this declaration was executed on the 24nd day of September, 2008 in Encino, California.

ALLAN D. SARVER
Declarant

Further Memorandum of Points and
Authorities Supporting Motion Objecting
to Debtor's Claim of Exemption in IRA      15

## Form 1099-R (Top)

CORRECTED (if checked)

OMB No. 1545-0119  2006  Form 1099-R

PAYER'S name, street address, city, state, and ZIP code
FIRST PRIVATE BANK & TRUST
10929 ZELZAH AVE
GRANADA HILLS, CA 91344

PAYER'S Federal identification number: 95-388002
RECIPIENT'S identification number: 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

RECIPIENT'S name, street address, city, state, and ZIP code
PATRICK WILLIAM S
10541 LUBAO AVENUE
CHATSWORTH, CA 91311

1 Gross distribution: $ 16209.72
2a Taxable amount: $ 16209.72
2b Taxable amount not determined [ ]  Total distribution [X]
3 Capital gain (included in box 2a): $
4 Federal income tax withheld: $
5 Employee contributions/Designated Roth contributions or insurance premiums: $
6 Net unrealized appreciation in employer's securities: $
7 Distribution code(s): 7  IRA/SEP/SIMPLE [X]
8 Other: $        %
9a Your percentage of total distribution: %
9b Total employee contributions: $
10 State tax withheld: $
11 State/Payer's state no.: CA /
12 State distribution: $
13 Local tax withheld: $
14 Name of locality:
15 Local distribution: $

1st year of desig. Roth contrib.

Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.

Copy C For Recipient's Records

This information is being furnished to the Internal Revenue Service.

FRI5101300A07
(keep for your records.)

Department of the Treasury - Internal Revenue Service

Form 1099-R

## Form 1099-R (Bottom)

Control Number: RET1212875

CORRECTED (if checked)

12/11/06    OMB No. 1545-0119  2006  Form 1099-R

PAYER'S name, street address, city, state, and ZIP code
DEFENSE FINANCE AND ACCOUNTING SERVICE
US MILITARY RETIREMENT PAY
PO BOX 7130
LONDON KY 40742-7130

PAYER'S Federal identification number: 34-0727612
RECIPIENT'S identification number: 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

RECIPIENT'S name, street address, city, state, and ZIP code
WILLIAM S PATRICK
10543 LUBAO AVE
CHATSWORTH CA 91311-1817

1 Gross distribution: $ 16335.96
2a Taxable amount: $ 16335.96
2b Total distribution [ ]
4 Federal income tax withheld: $ 173.16
7 Distribution code: 7
9 Your percentage of total distribution: %
10 State tax withheld: $
11 State/Payer's state no.:

RETIRED    010012006-12312006

Distributions From Pensions, Annuities, Retirement, or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.

Copy C For Recipient's Records

This information is being furnished to the Internal Revenue Service.

Keep this copy for your records.

Department of the Treasury - Internal Revenue Service

8111

Form 1099-R

EXHIBIT  A

16

# Form 1040 U.S. Individual Income Tax Return 2005

Department of the Treasury - Internal Revenue Service

For the year Jan. 1-Dec. 31, 2005 | OMB No. 1545-0074

**Label**

Your first name and initial: WILLIAM S | Last name: PATRICK | Your social security number: 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

If a joint return, spouse's first name and initial: DOROTHY A | Last name: PATRICK | Spouse's social security number: 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

Home address (number and street): 10543 LUBAO AVENUE

**TAXPAYER'S COPY** — You must enter your SSN(s) above. ▲

City, town or post office, state, and ZIP code: CHATSWORTH CA 91311-1817

Checking a box below will not change your tax or refund.

**Presidential Election Campaign** ► Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 16) ☐ You ☐ Spouse

**Filing Status** (Check only one box)
1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ►
4 ☐ Head of household (with qualifying person). (See page 17.) If the qualifying person is a child but not your dependent, enter this child's name here. ►
5 ☐ Qualifying widow(er) with dependent child (see page 17)

**Exemptions**

6a ☒ Yourself. If someone can claim you as a dependent, do not check box 6a
b ☒ Spouse

Boxes checked on 6a and 6b: **2**

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) Check if qualifying child for child tax credit (see pg19) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

No. of children on 6c who:
- lived with you
- did not live with you due to divorce or separation (see page 20)

Dependents on 6c not entered above

d Total number of exemptions claimed | Add numbers on lines above ► **2**

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see page 23.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | |
| 8a | Taxable interest. Attach Schedule B if required | 8a | 14,981 |
| b | Tax-exempt interest. Do not include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | 162 |
| b | Qualified dividends (see page 23) | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 24) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 38,092 |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ► ☐ | 13 | (3,000) |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions | 15a | 362,020 | b Taxable amount (see page 25) | 15b | 14,020 |
| 16a | Pensions and annuities | 16a | | b Taxable amount (see page 26) | 16b | 16,336 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits | 20a | 11,862 | b Taxable amount (see page 27) | 20b | 10,083 |
| 21 | Other income. | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ► | 22 | 90,674 |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | Archer MSA deduction. Attach Form 8853 | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | 2,691 |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | 2,000 |
| 29 | Self-employed health insurance deduction (see page 29) | 29 | 6,114 |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid b Recipient's SSN ► | 31a | |
| 32 | IRA deduction (see page 31) | 32 | |
| 33 | Student loan interest deduction (see page 33) | 33 | |
| 34 | Jury duty pay you gave to your employer | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 | 36 | 10,805 |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ► | 37 | 79,869 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 80. EEA Form 1040 (2005)


EXHIBIT B.
17

Form 1040 (2006)   WILLIAM S & DOROTHY A DeRUBEIS   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   Page 2

| | | | | | |
|---|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | | 38 | 79,869 |
| | 39a | Check if: ☒ You were born before January 2, 1942, ☐ Blind. ☐ Spouse was born before January 2, 1942, ☐ Blind. Total boxes checked ▶ 39a | | 1 | |
| **Standard Deduction for—** | b | If your spouse itemizes on a separate return or you were a dual-status alien, see pg 34 & check here ▶ 39b ☐ | | | |
| • People who checked any box on line 39a or 39b or who can be claimed as a dependent, see page 34. | 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | | 40 | 34,852 |
| | 41 | Subtract line 40 from line 38 | | 41 | 45,017 |
| | 42 | If line 38 is over $112,875, or you provided housing to a person displaced by Hurricane Katrina, see page 36. Otherwise, multiply $3,300 by the total number of exemptions claimed on line 6d | | 42 | 6,600 |
| | 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | 43 | 38,417 |
| • All others: Single or Married filing separately, $5,150 | 44 | Tax (see page 36). Check if any tax is from: a ☐ Form(s) 8814 b ☐ Form 4972 | | 44 | 5,009 |
| | 45 | Alternative minimum tax (see page 39). Attach Form 6251 | | 45 | |
| Married filing jointly or Qualifying widow(er), $10,300 | 46 | Add lines 44 and 45 ▶ | | 46 | 5,009 |
| | 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | |
| | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | | |
| Head of household, $7,550 | 49 | Credit for the elderly or the disabled. Attach Schedule R | 49 | | |
| | 50 | Education credits. Attach Form 8863 | 50 | | |
| | 51 | Retirement savings contributions credit. Attach Form 8880 | 51 | | |
| | 52 | Residential energy credits. Attach Form 5695 | 52 | | |
| | 53 | Child tax credit (see page 42). Attach Form 8901 if required | 53 | | |
| | 54 | Credits from: a ☐ Form 8396 b ☐ Form 8839 c ☐ Form 8859 | 54 | | |
| | 55 | Other credits: a ☐ Form 3800 b ☐ Form 8801 c ☐ Form | 55 | | |
| | 56 | Add lines 47 through 55. These are your **total credits** | | 56 | |
| | 57 | Subtract line 56 from line 46. If line 56 is more than line 46, enter -0- ▶ | | 57 | 5,009 |
| **Other Taxes** | 58 | Self-employment tax. Attach Schedule SE | | 58 | 5,382 |
| | 59 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | | 59 | |
| | 60 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | | 60 | |
| | 61 | Advance earned income credit payments from Form(s) W-2, box 9 | | 61 | |
| | 62 | Household employment taxes. Attach Schedule H | | 62 | |
| | 63 | Add lines 57 through 62. This is your **total tax** ▶ | | 63 | 10,391 |
| **Payments** | 64 | Federal income tax withheld from Forms W-2 and 1099 | 64 | 173 | FORM 1099 |
| If you have a qualifying child, attach Schedule EIC. | 65 | 2006 estimated tax payments and amount applied from 2005 return | 65 | 13,940 | |
| | 66a | Earned income credit (EIC) | 66a | | |
| | b | Nontaxable combat pay election ▶ 66b | | | |
| | 67 | Excess social security and tier 1 RRTA tax withheld (see page 60) | 67 | | |
| | 68 | Additional child tax credit. Attach Form 8812 | 68 | | |
| | 69 | Amount paid with request for extension to file (see page 60) | 69 | | |
| | 70 | Payments from: a ☐ Form 2439 b ☐ Form 4136 c ☐ Form 8885 | 70 | | |
| | 71 | Credit for federal telephone excise tax paid. Attach Form 8913 if required | 71 | 40 | |
| | 72 | Add lines 64, 65, 66a, and 67 through 71. These are your **total payments** ▶ | | 72 | 14,153 |
| **Refund** Direct deposit? See page 61 and fill in 74b, 74c, and 74d, or Form 8888. | 73 | If line 72 is more than line 63, subtract line 63 from line 72. This is the amount you **overpaid** | | 73 | 3,762 |
| | 74a | Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | | 74a | |
| | b | Routing number ▶ c Type: ☐ Checking ☐ Savings | | | |
| | d | Account number | | | |
| | 75 | Amount of line 73 you want applied to your 2007 estimated tax ▶ | 75 | 3,762 | |
| **Amount You Owe** | 76 | **Amount you owe.** Subtract line 72 from line 63. For details on how to pay, see page 62 ▶ | | 76 | |
| | 77 | Estimated tax penalty (see page 62) | 77 | | |
| **Third Party Designee** | | Do you want to allow another person to discuss this return with the IRS (see page 63)? ☒ Yes. Complete the following. ☐ No | | | |
| | | Designee's name ▶ GREGORY CONNOLE  Phone no. ▶ 818-368-7644  Personal identification number (PIN) ▶ 3 3 6 4 0 | | | |

**Sign Here**
Joint return? See page 17.
Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| 28111 | 02-25-2007 | RETIRED | |
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | |
| 02036 | | REAL ESTATE | |

TAXPAYER'S COPY

| **Paid Preparer's Use Only** | Preparer's signature ▶ GREGORY CONNOLE | Date | Check if self-employed ☒ | Preparer's SSN or PTIN P00172046 |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code ▶ | JL CONNOLE CO  10316 CLAIRE AVENUE  NORTHRIDGE   CA   91326-3306 | EIN 95-4671770  Phone no. 818-368-7644 | |

EEA   Form 1040 (2006)



EXHIBIT   B



**FIRST PRIVATE BANK&TRUST**
16000 VENTURA BOULEVARD • ENCINO, CA 91436

300064493

96910

20-4049
1222

Date 06/05/06

Pay to the order of *******WILLIAM S PATRICK*************************************** $ **172,000.00**

Dollars

**Cashier's Check**
DISTRIBUTION 1-805237

Remitter

X William S Patrick

**Purchaser's Copy
Not Negotiable**

Authorized Signature

Authorized Signature



THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINT

THE BACK OF THIS CHECK MUST CONTAIN AN ARTIFICIAL WATERMARK OR IS VOID



EXHIBIT C

19

# 60-Day Rollover (Indirect)/ Direct Rollover/Conversion/ Re-Conversion/Re-Characterization Certification Form

Use this form to complete a 60-Day Rollover, a Direct Rollover, a Conversion, a Re-conversion, or a Re-characterization

****NOTICE TO CURRENT TRUSTEE/CUSTODIAN****

Upon receipt of this form, you are directed to convert into cash the assets identified herein that you hold for the Participant identified on this form, and send the funds to the Successor Trustee named below in accordance with the instructions below.

## CURRENT (RESIGNING) TRUSTEE/CUSTODIAN INFORMATION

Name and address of current (resigning) Trustee/Custodian of the IRA or Employer Sponsored Retirement Plan:

Name **William S Patrick**

Contact person _____    Phone Number _____

Address _____    City/State/ZIP _____

## PARTICIPANT AND CURRENT PLAN INFORMATION

Name of Participant **William S Pam**    Social Security Number **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**

Address **10543 Lubao Ave**    City/State/ZIP **Chatsworth Ca 91311**

Current Plan Information

Plan Type:    ☑ Traditional/SEP IRA    ☐ Rollover IRA    ☐ Roth IRA    ☐ Money Purchase Pension Plan
☐ Profit Sharing Plan    ☐ 401(k)    ☐ Defined Benefit Plan    ☐ Other _____

Account number(s) **1805237**    **$172,000.00**

Name of Employer Sponsored Retirement Plan (If applicable) _____

## TRANSACTION TYPE

Place a check mark in the box next to the type of transaction being undertaken (Select one category and the appropriate sub-category.)

☑ 60-Day Rollover (Indirect) (only one can be completed every 12 months)
☐ Direct Rollover (reportable but not necessarily taxable)
    ☐ Qualified Retirement Plan to Rollover (Traditional) IRA
    ☐ Rollover IRA to a Qualified Retirement Plan
☐ Conversion, Traditional IRA to Roth IRA  $ _____ Amount being converted
☐ Re-conversion (Roth IRA funds previously converted from a Traditional IRA) $ _____ (amount being re-converted)
☐ Re-characterization    Tax Year _____
    ☐ Recharacterization of a prior conversion (reconversion)
    ☐ Recharacterization of a contribution – from a Traditional IRA to a Roth IRA
    ☐ Recharacterization of a contribution – from a Roth IRA to a Traditional IRA
    ☐ Recharacterization of a current year contribution to a subsequent year contribution[5] (redesignation)
$ _____ Amount of contribution    $ _____ Amount of Net Income Attributable[6]

## INSTRUCTIONS TO CURRENT (RESIGNING) TRUSTEE/CUSTODIAN

Make the check payable as follows

Fiserv Trust Company Trustee FBO _____ (insert Participant's name)

If the funds are being sent directly to the new Trustee/Custodian, mail the check and this completed form to:

Financial Institution Name _____    Attention _____

Street Address _____    City/State/ZIP _____

Funds to be Rolled Over/Converted/Re-converted/Re-characterized: (attach list of assets to be liquidated, if applicable)



EXHIBIT C

Certification Form *(continued)*

☐ All funds (current retirement plan is closing)
☐ Partial funds in the amount of $ _____ (current retirement plan will still be open)

Timing:

☐ When investment matures ___/___/___
☐ Immediately *(early withdrawal penalty may apply)*

## INSTRUCTIONS TO NEW TRUSTEE/CUSTODIAN

Incoming funds to be deposited:

☐ Existing plan   ☐ New Plan (Participant must sign an Adoption Agreement)

Plan type:

☐ Traditional/SEP IRA   ☐ Rollover IRA (Direct Rollover funds)   ☐ Roth IRA
☐ Money Purchase Pension Plan   ☐ Profit Sharing Plan

## WITHHOLDING ELECTION AND NOTICE*

Withholding Election – **APPLIES TO ROTH CONVERSIONS ONLY**

☑ I elect to **HAVE** Federal income tax withheld at a rate of _____ % or $ _____ *(Must be 10% or greater, if no percentage/amount indicated, 10% will be withheld.)*

☐ I elect to **NOT** have Federal Income Tax withheld.

This notice and election of Tax Withholding must be completed for appropriate transactions. This distribution or a portion thereof may be subject to federal and state (if applicable) income tax withholding unless you elect not to have tax withholding apply. If you provide a residence address within the United States, you may elect not to have withholding apply. If you have not provided your residence address, or provided a residence address outside the United States, withholding is generally required and you CANNOT elect out of withholding. If you elect not to have withholding apply to your distribution payments or you do not have enough Federal income tax withheld from your distribution, you may be responsible for payment of estimated tax. You may incur tax penalties, under the estimated tax rules, if your withholding and estimated tax payments are not sufficient. This election will remain in effect until revoked by written instructions provided to the financial institution.

*\* Seek competent legal or tax advice to determine the amount, if any, of State income tax to withhold. Many states have minimum withholding rates. For example, California requires at least 1% be withheld.*

## PARTICIPANT CERTIFICATIONS AND SIGNATURES

I certify that I have read the section and accompanying instructions, applicable to the transaction I have chosen to undertake, and I understand, and agree to all the terms there under. In the case of a transfer or direct rollover, the current Trustee/Custodian is authorized to send the funds requested to the financial institution identified on this form.

If this is a rollover or conversion I certify that the assets requested to be rolled over or converted into my IRA qualify as a valid rollover/conversion contribution as defined in the Plan documents, including the requirement that the deposit of such contribution is being made within 60 days after I received the eligible distribution. I hereby irrevocably authorize the deposit of this Rollover Contribution and understand that I am fully responsible for the tax consequences of this transaction.

I hereby agree to indemnify and hold harmless the financial institution that accepts this transaction and Fiserv Trust Company and its officers, directors, shareholders, agents, and employees, for any and all costs, obligations, losses, claims, damages, and expenses (this includes all reasonable attorney fees) related to or associated with this agreement to accept the funds.

Signature of Participant ✗  X *William S Patenik*                  Date ✗ *6-12-06*

Signature of Financial Institution Representative ✗  *D Alberic*           Date *6-12-06*

In reliance upon the representations made above, Fiserv Trust Company hereby accepts the appointment as Trustee of the funds. This acceptance is not to be construed as validation of any rollover or direct rollover transaction, if any.

Signature of Successor Trustee ✗  *Tracey L Sugya*                Date

Verbal Authorization Code _____ Date Obtained _____

---

5 The Participant must be eligible to make a subsequent year contribution.
6 Net Income Attributable must be calculated using the Internal Revenue Service calculation.

EXHIBIT C
21



## FIRST PRIVATE BANK&TRUST

### TRANSACTION RECORD

All deposits and payments are subject to items verification. Deposits may not be available for immediate withdrawal.

FIRST PRIVATE
BANK & TRUST
GH
JUN 12 2006
NEW ACCOUNTS

1-805-237

$172,000 —

COM-141 (6/06) STRATADOM

---

DEPOSIT TICKET

NAME  W. PATRICK

ACCOUNT NO.  001-805 237

DATE _____
DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

FIRST PRIVATE BANK&TRUST
10820 Zelzah Ave., Granada Hills, CA 91344

FIRST PRIVATE
BANK & TRUST
GH
JUN 12 2006
NEW ACCOUNTS

CASH
90-4049/1222

90  $1049

SUB TOTAL

LESS CASH
RECEIVED

$172,000 —

⑈122240492⑈    001⑈805237⑈    209

EXHIBIT    C

7-14-06





# FP FIRST PRIVATE BANK&TRUST

16000 VENTURA BOULEVARD • ENCINO, CA 91436

**97625**

90-4048
1222

Date **JULY 14, 2006**

Pay to the
order of  * * * * *WILLIAM S PATRICK* * * * * * * * * * * * * * * * * * * * * ** * * ** $176,000.00**

~~ONE HUNDRED SEVENTY SIX THOUSAND AND 00/100~~                      Dollars

*Cashier's Check*

1805237

Remitter

**Purchaser's Copy
Not Negotiable**

Authorized Signature

Authorized Signature





EXHIBIT C

23

# 60-Day Rollover (Indirect)/
# Direct Rollover/Conversion/
# Re-Conversion/Re-Characterization
# Certification Form

Use this form to complete a 60-Day Rollover, a Direct Rollover, a Conversion, a Re-conversion, or a Re-characterization

****NOTICE TO CURRENT TRUSTEE/CUSTODIAN****

Upon receipt of this form, you are directed to convert into cash the assets identified herein that you hold for the Participant identified on this form, and send the funds to the Successor Trustee named below in accordance with the instructions below.

## CURRENT (RESIGNING) TRUSTEE/CUSTODIAN INFORMATION

Name and address of current (resigning) Trustee/Custodian of the IRA or Employer Sponsored Retirement Plan:

Name

Contact person                              Phone Number

Address                                     City/State/ZIP

## PARTICIPANT AND CURRENT PLAN INFORMATION

Name of Participant _WILLIAM S TARR_   Social Security Number _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_

Address _10543 LUBAO Ave_   City/State/ZIP _CHATSWORTH CA 91311_

Current Plan Information

Plan Type:  ☒ Traditional/SEP IRA  ☐ Rollover IRA  ☐ Roth IRA  ☐ Money Purchase Pension Plan
☐ Profit Sharing Plan  ☐ 401(k)  ☐ Defined Benefit Plan  ☐ Other _____

Account number(s) _1805237_   _$ 176,000_

Name of Employer Sponsored Retirement Plan (if applicable)

## TRANSACTION TYPE

Place a check mark in the box next to the type of transaction being undertaken (Select one category and the appropriate sub-category.)

☒ 60-Day Rollover (Indirect) (only one can be completed every 12 months)
☐ Direct Rollover (reportable but not necessarily taxable)
  ☐ Qualified Retirement Plan to Rollover (Traditional) IRA
  ☐ Rollover IRA to a Qualified Retirement Plan
☐ Conversion, Traditional IRA to Roth IRA  $ _____ Amount being converted
☐ Re-conversion (Roth IRA funds previously converted from a Traditional IRA) $ _____ (amount being re-converted)
☐ Re-characterization   Tax Year _____
  ☐ Recharacterization of a prior conversion (reconversion)
  ☐ Recharacterization of a contribution – from a Traditional IRA to a Roth IRA
  ☐ Recharacterization of a contribution – from a Roth IRA to a Traditional IRA
  ☐ Recharacterization of a current year contribution to a subsequent year contribution[5] (redesignation)

$ _____ Amount of contribution   $ _____ Amount of Net Income Attributable[6]

## INSTRUCTIONS TO CURRENT (RESIGNING) TRUSTEE/CUSTODIAN

Make the check payable as follows

Fiserv Trust Company Trustee FBO _____ (insert Participant's name)

If the funds are being sent directly to the new Trustee/Custodian, mail the check and this completed form to:

Financial Institution Name                  Attention

Street Address                              City/State/ZIP

Funds to be Rolled Over/Converted/Re-converted/Re-characterized: (attach list of assets to be liquidated, if applicable)

© Fiserv Trust Company, 2006          page 3 of 4          FI-FISS-3550 (10/06)

EXHIBIT  C



7-24-06

## Certification Form *(continued)*

☐ All funds (current retirement plan is closing)
☐ Partial funds in the amount of $ _____ *(current retirement plan will still be open)*
Timing:

☐ When investment matures ____/____/____
☐ Immediately *(early withdrawal penalty may apply)*

### INSTRUCTIONS TO NEW TRUSTEE/CUSTODIAN

Incoming funds to be deposited:

☐ Existing plan   ☐ New Plan (Participant must sign an Adoption Agreement)

Plan type:

☐ Traditional/SEP IRA   ☐ Rollover IRA (Direct Rollover funds)   ☐ Roth IRA
☐ Money Purchase Pension Plan   ☐ Profit Sharing Plan

### WITHHOLDING ELECTION AND NOTICE*

Withholding Election – APPLIES TO ROTH CONVERSIONS ONLY

☐ I elect to HAVE Federal income tax withheld at a rate of _____ % or $ _____ *(Must be 10% or greater, if no percent-age/amount indicated, 10% will be withheld.)*

☒ I elect to NOT have Federal income tax withheld.

This notice and election of Tax Withholding must be completed for appropriate transactions. This distribution or a portion thereof may be subject to federal and state (if applicable) income tax withholding unless you elect not to have tax withholding apply. If you provide a residence address within the United States, you may elect not to have withholding apply. If you have not provided your residence address, or provided a residence address outside the United States, withholding is generally required and you CANNOT elect out of withholding. If you elect not to have withholding apply to your distribution payments or you do not have enough Federal income tax withheld from your distribution, you may be responsible for payment of estimated tax. You may incur tax penalties, under the estimated tax rules, if your withholding and estimated tax payments are not sufficient. This election will remain in effect until revoked by written instructions provided to the financial institution.

* Seek competent legal or tax advice to determine the amount, if any, of State income tax to withhold. Many states have minimum with-holding rates. For example, California requires at least 1% be withheld.

### PARTICIPANT CERTIFICATIONS AND SIGNATURES

I certify that I have read the section and accompanying instructions, applicable to the transaction I have chosen to undertake, and I understand, and agree to all the terms there under. In the case of a transfer or direct rollover, the current Trustee/Custodian is author-ized to send the funds requested to the financial institution identified on this form.

If this is a rollover or conversion I certify that the assets requested to be rolled over or converted into my IRA qualify as a valid rollover/conversion contribution as defined in the Plan documents, including the requirement that the deposit of such contribution is being made within 60 days after I received the eligible distribution. I hereby irrevocably authorize the deposit of this Rollover Contribution and understand that I am fully responsible for the tax consequences of this transaction.

I hereby agree to indemnify and hold harmless the financial institution that accepts this transaction and Fiserv Trust Company and its officers, directors, shareholders, agents, and employees, for any and all costs, obligations, losses, claims, damages, and expenses (this includes all reasonable attorney fees) related to or associated with its agreement to accept the funds.

Signature of Participant ✗✗ *William S Patrick*                        Date 7-24-06

Signature of Financial Institution Representative ✗ *Gibson*          Date 7-24-06

In reliance upon the representations made above, Fiserv Trust Company hereby accepts the appointment as Trustee of the funds. This acceptance is not to be construed as validation of any rollover or direct rollover transaction, if any.

Signature of Successor Trustee ✗ *Tracy L Tuggy*                      Date

Verbal Authorization Code _____   Date Obtained _____

---

[5] The Participant must be eligible to make a subsequent year contribution.
[6] Net Income Attributable must be calculated using the Internal Revenue Service calculation.



EXHIBIT C



## FIRST PRIVATE BANK&TRUST

### TRANSACTION RECORD

All deposits and payments are subject to Bank verification. Deposits may not be available for immediate withdrawal.

7-24-06

FIRST PRIVATE
BANK & TRUST
GH
JUL 2 4 2006
NEW ACCOUNTS

1-805 237

$ 176,000 —

COM-141 (8/05) STRATACOM



DEPOSIT TICKET

NAME  WILLIAM S. PATRICK

ACCOUNT NO.  1-805237

DATE
DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

FIRST PRIVATE
BANK & TRUST
GH
JUL 2 4 2006
NEW ACCOUNTS

FIRST PRIVATE
BANK&TRUST
10680 Zelzah Ave., Granada Hills, CA 91344

⑆122240492⑆

CASH

SUB TOTAL

$ 176000 —

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINT
THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK OR IS VOID

# EXHIBIT   C

8-30-06

## FP FIRST PRIVATE
## BANK&TRUST

We have charged your ☐ Checking Account  ☒ Savings Account

DATE 08/30/06

| ACCOUNT NUMBER | C | |
|---|---|---|
| 1-805237 | 245 | $ 176,000.00 |

FILE COPY

As follows  **2006 DISTRIBUTION**

300423313

WILLIAM S PATRICK

| BANKING OFFICE/DEPARTMENT |
|---|
| 001 |
| PREPARED BY | OFFSET |
| DA | CC#98012 |
| APPROVED BY | |

## FP FIRST PRIVATE
## BANK&TRUST
16000 VENTURA BOULEVARD · ENCINO, CA 91436

80-4049
1222

Pay to the order of  ***********WILLIAM S PATRICK************************************

Date  **08/30/06**

$ **176,000.00**

*** 176,000.00 ***                                              Dollars

*Cashier's Check*

Remitter  2006 DISTRIBUTION

**Purchaser's Copy
Not Negotiable**
1-805237

Authorized Signature

Authorized Signature

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINT

THE BACK OF THIS CHECK MUST CONTAIN AN ARTIFICIAL WATERMARK OR IS VOID

## EXHIBIT C

27

# 60-Day Rollover (Indirect)/
# Direct Rollover/Conversion/
# Re-Conversion/Re-Characterization
# Certification Form

Use this form to complete a 60-Day Rollover, a Direct Rollover, a Conversion, a Re-conversion, or a Re-characterization

****NOTICE TO CURRENT TRUSTEE/CUSTODIAN****

Upon receipt of this form, you are directed to convert into cash the assets identified herein that you hold for the Participant identified on this form, and send the funds to the Successor Trustee named below in accordance with the instructions below.

## CURRENT (RESIGNING) TRUSTEE/CUSTODIAN INFORMATION

Name and address of current (resigning) Trustee/Custodian of the IRA or Employer Sponsored Retirement Plan:

Name _William S. Patrick_

| Contact person | Phone Number |
| --- | --- |

| Address | City/State/ZIP |
| --- | --- |

## PARTICIPANT AND CURRENT PLAN INFORMATION

Name of Participant _William S. Patrick_    Social Security Number _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_

Address _105-43 Lurio Av_    City/State/ZIP _Chatsworth Ca 91311_

Current Plan Information

Plan Type:  ☒ Traditional/SEP IRA  ☐ Rollover IRA  ☐ Roth IRA  ☐ Money Purchase Pension Plan
☐ Profit Sharing Plan  ☐ 401(k)  ☐ Defined Benefit Plan  ☐ Other _____

Account number(s) _180 5237_    _$ 176,000 —_

Name of Employer Sponsored Retirement Plan (if applicable)

## TRANSACTION TYPE

Place a check mark in the box next to the type of transaction being undertaken (Select one category and the appropriate sub-category.)

☒ 60-Day Rollover (Indirect) (only one can be completed every 12 months)
☐ Direct Rollover (reportable but not necessarily taxable)
   ☐ Qualified Retirement Plan to Rollover (Traditional) IRA
   ☐ Rollover IRA to a Qualified Retirement Plan
☐ Conversion, Traditional IRA to Roth IRA  $ _____ Amount being converted
☐ Re-conversion (Roth IRA funds previously converted from a Traditional IRA) $ _____ (amount being re-converted).
☐ Re-characterization   Tax Year _____
   ☐ Recharacterization of a prior conversion (reconversion)
   ☐ Recharacterization of a contribution – from a Traditional IRA to a Roth IRA
   ☐ Recharacterization of a contribution – from a Roth IRA to a Traditional IRA
   ☐ Recharacterization of a current year contribution to a subsequent year contribution[5] (redesignation)
$ _____ Amount of contribution    $ _____ Amount of Net Income Attributable[6]

## INSTRUCTIONS TO CURRENT (RESIGNING) TRUSTEE/CUSTODIAN

Make the check payable as follows

Fiserv Trust Company Trustee FBO _____ (insert Participant's name)

If the funds are being sent directly to the new Trustee/Custodian, mail the check and this completed form to:

| Financial Institution Name | Attention |
| --- | --- |

| Street Address | City/State/ZIP |
| --- | --- |

Funds to be Rolled Over/Converted/Re-converted/Re-characterized: (attach list of assets to be liquidated, if applicable)



EXHIBIT _C_

28

Certification Form *(continued)*

□ All funds (current retirement plan is closing)
□ Partial funds in the amount of $ _____ *(current retirement plan will still be open)*

Timing:

□ When investment matures ____/____/____
□ Immediately *(early withdrawal penalty may apply)*

## INSTRUCTIONS TO NEW TRUSTEE/CUSTODIAN

Incoming funds to be deposited:

□ Existing plan   □ New Plan (Participant must sign an Adoption Agreement)

Plan type:

□ Traditional/SEP IRA   □ Rollover IRA (Direct Rollover funds)   □ Roth IRA
□ Money Purchase Pension Plan   □ Profit Sharing Plan

## WITHHOLDING ELECTION AND NOTICE*

Withholding Election – APPLIES TO ROTH CONVERSIONS ONLY

□ I elect to HAVE Federal income tax withheld at a rate of _____ % or $ _____ *(Must be 10% or greater. If no percent-age/amount indicated, 10% will be withheld.)*

☑ I elect to **NOT** have Federal income tax withheld.

This notice and election of Tax Withholding must be completed for appropriate transactions. This distribution or a portion thereof may be subject to federal and state (if applicable) income tax withholding unless you elect not to have tax withholding apply. If you provide a residence address within the United States, you may elect not to have withholding apply. If you have not provided your residence address, or provided a residence address outside the United States, withholding is generally required and you CANNOT elect out of withholding. If you elect not to have withholding apply to your distribution payments or you do not have enough Federal income tax withheld from your distribution, you may be responsible for payment of estimated tax. You may incur tax penalties, under the estimated tax rules, if your withholding and estimated tax payments are not sufficient. This election will remain in effect until revoked by written instructions provided to the financial institution.

* Seek competent legal or tax advice to determine the amount, if any, of State income tax to withhold. Many states have minimum withholding rates. For example, California requires at least 1% be withheld.

## PARTICIPANT CERTIFICATIONS AND SIGNATURES

I certify that I have read the section and accompanying instructions, applicable to the transaction I have chosen to undertake, and I understand, and agree to all the terms there under. In the case of a transfer or direct rollover, the current Trustee/Custodian is authorized to send the funds requested to the financial institution identified on this form.

If this is a rollover or conversion I certify that the assets requested to be rolled over or converted into my IRA qualify as a valid rollover/conversion contribution as defined in the Plan documents, including the requirement that the deposit of such contribution is being made within 60 days after I received the eligible distribution. I hereby irrevocably authorize the deposit of this Rollover Contribution and understand that I am fully responsible for the tax consequences of this transaction.

I hereby agree to indemnify and hold harmless the financial institution that accepts this transaction and Fiserv Trust Company and its officers, directors, shareholders, agents, and employees, for any and all costs, obligations, losses, claims, damages, and expenses (this includes all reasonable attorney fees) related to or associated with its agreement to accept the funds.

Signature of Participant XX *William S Patrick*   Date *9-27-08*

Signature of Financial Institution Representative X *S albercur*   Date *9-27-08*

In reliance upon the representations made above, Fiserv Trust Company hereby accepts the appointment as Trustee of the funds. This acceptance is not to be construed as validation of any rollover or direct rollover transaction, if any.

Signature of Successor Trustee X *Tracey L Sugiya*   Date

Verbal Authorization Code _____ Date Obtained _____

‡ The Participant must be eligible to make a subsequent year contribution.

¶ Net Income Attributable must be calculated using the Internal Revenue Service calculation.



EXHIBIT C

29

9·27·06



9-27-06

*rollover deposit*

SEP 27 2006
NEW ACCOUNT

DEPOSIT TICKET
NAME  W. PATRICK
ACCOUNT NO. 1805237
DATE
DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

FIRST PRIVATE
BANK&TRUST
10880 Zelzah Ave., Granada Hills, CA 91344

⑆122240492⑈

$ 1,780,000

500075 791

EXHIBIT  C

PROOF OF SERVICE

I, M.SWANSTON declare:

I am a citizen of the United States over the age of eighteen years and not a party to the within action.  My business address is 16633 Ventura Boulevard, Suite 800, Encino, California 91436

On September 26, 2008, I served the following document described as follows: **FURTHER MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION OBJECTING TO DEBTOR'S CLAIM OF EXEMPTION IN IRA; DECLARATION IN SUPPORT**

on interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

[X](By Mail) I caused such envelope with postage thereon fully paid to be placed in the United States mail at Encino, California.

[]readily familiar with the business' practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day and in the ordinary course of business; On this  date, the  above referenced correspondence was placed for deposit at _____ , California and placed for collection   and mailing following ordinary business practices.

[] By personal service, I caused such envelope to be served by hand to the addressee(s) noted on the above service list.

[]transmitted to the party(ies) as indicated   on  the attached service list. I caused the copy to be transmitted from the facsimile machine number of the Law Offices of  Allan D. Sarver (818) 981-0026.  The transmission was confirmed  as complete and without error.

[] By E-Mail, I caused the above-referenced document(s) to be transmitted to the party(ies) as indicated on the attached service list.

[]State) I declare under the laws of the State of California that the foregoing is true and correct.

[X]Federal) I declare (or certify, verify, state) that the foregoing is true and correct, and that I am employed in the offices of a member of the bar of the State of California, who has filed an Application for Limited admission and Order before this Court. Service of  process in the manner specified above was done at the direction of a member of the California bar at whose direction the service was made.

Executed this 26TH day of September, 2008, at Encino California 91436.

M. SWANSTON, DECLARANT

31

In Re: William S. Patrick
      Chapter 7 Case No. 1:07-bk-10312GM

SERVICE LIST

**DEBTOR'S COUNSEL**
Mark M. Sharf Esq.
Sharf Law Firm
15821 Ventura Blvd Suite 275
Encino, CA 91436

**CHAPTER 7 TRUSTEE**
David Seror Trustee
2029 Century Park East 21st Floor
Los Angeles, CA 90067

**COUNSEL FOR CHAPTER 7 TRUSTEE**
Daniel Gill, Esq.
Law Offices of Ezra/Brutzkus/Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, Ca 91367

**OFFICE OF U.S. TRUSTEE**
U.S. Trustee
21051 Warner Center Lane Suite 115
Woodland Hills, CA 91367