MARK M. SHARF, ESQ. (SBN 140390)
SHARF LAW FIRM
15821 Ventura Blvd, Suite 245
Encino, CA 91436
Telephone: (818) 788-4800
Facsimile: (818) 905-6100

Attorneys for William S. Patrick

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>WILLIAM S. PATRICK,<br><br>　　　　Debtor | BK No. 1:07-bk-10312GM<br><br>Chapter 7<br><br>**RESPONSIVE BRIEF RE LEGISLA-TIVE HISTORY AND SUBSTAN-TIAL COMPLIANCE DOCTRINE; SUPPLEMENTAL DECLARATION OF WILLIAM PATRICK**<br><br>Date: November 5, 2008<br>Time: 10:00 a.m.<br>Ctrm: 303 |

The opposing party in this case has made the argument that for §522(b)(3)(C) to apply retirement funds must be exempt from taxation under Section 408 of the Internal Revenue Code. However, the legal test used to determine if a retirement plan is exempt from taxation is different under 11 U.S.C. §522 than it is under the Internal Revenue Code. The interpretation of 522(b)(3)(C) is explicitly governed by § 522(a)(4), which provides:

> "For purposes of paragraph (3)(C) [i.e., §522(b)(3)(C)] and subsection (d)(12), the following shall apply ...
>
> (B) If the retirement funds are in a retirement fund that has not received a favorable determination ... those funds are exempt from the estate if the debtor demonstrates that –

1

(i) No prior determination to the contrary has been made by the Internal Revenue Service; and

(ii)(I) the retirement fund is in <u>substantial compliance</u> with the applicable requirements of the Internal Revenue Code of 1986; or

(II) The retirement fund fails to be in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 and the debtor is not materially responsible for that failure."

[underline added]

The "substantial compliance" doctrine is an equitable doctrine employed to avoid the harsh results of literal application of a statute or regulation. As noted by the United States Tax Court in <u>Hewlett-Packard Company v. Commission Of Internal Revenue</u> 67 T.C. 736, 748 (Tax Court, 1977):

> "It is true that petitioner did not literally comply with the 'written state-ment' portions of the election provisions of section 1.964-1(c)(3), Income Tax Regs. ....
> However, literal compliance with the procedural directions in the Treasury regulations on making elections ... is not always required. ... Although there exists no litmus test for determining whether literal compliance with a procedural regulation is called for, this Court in <u>Octavio J. Valdes</u> (60 T.C. 910, 913 (1973), enumerated as follows certain factors which should be considered:
>> 'In ascertaining whether a particular provision of a regulation stating how an election is to be made must be literally complied with , it is necessary to examine its purpose, its relationship to other provisions, the terms of the underlying statute, and the consequences of failure to comply with the provision in question.'

An examination of the legislative history of a statute is frequently employed to determine a statute's purpose in the context of determining substantial compliance. <u>Cary v. Comm'r</u> 41 T.C. 214 (1963).

Tax cases have not applied the substantial compliance doctrine to IRA compliance issues because the doctrine traditionally has been a common law one which has acted primarily as a gap filler where the legislature was silent, or which was applied to minor

///

procedural rules. As noted in Butler v. Encyclopedia Brittanica, Inc. 41 F.3d 285, 294 (7th Cir 1994):

> "Butler and Encyclopedia Brittanica, on the other hand, have failed to cite any authority that has applied the substantial compliance doctrine to an unambiguous ERISA requirement. We are aware of a recent Fourth Circuit case which adopted the substantial compliance doctrine. Phoenix Mut Life Ins. Co. v. Adams, 20 F.3d 554, 562-65 (4th Cir. 1994). However, the court did so as a matter of federal common law based upon the fact that ERISA was silent on the particular issue before the court. As this court and others have held, '[c]ourts may develop ... a federal common law only where ERISA itself 'does not expressly address the issue before the court.' ' Thomason v. Aetna Life Ins. Co. 9 F.3d 645, 647 (7th Cir., 1993) (quoting Nachwalter v. Christie, 805 F.2d 956, 959 (11th Cir. 1986)). Thus, we cannot adopt a substantial compliance doctrine as a matter of federal common law in this case if it would conflict with ERISA's literal requirement that a spousal consent be 'witnessed.'"

What is so significant about the use of the term "substantial compliance" in § 522(b)(4)(B)(ii)(I) is the fact that the Legislature has finally spoken, at least in the context of determining whether retirement funds are exempt in bankruptcy. <u>The Legislature has adopted the substantial compliance doctrine explicitly as a matter of statutory law</u>. In fact it went further and allows an exemption in a retirement fund even if there is not substantial compliance as long as the debtor is not "materially responsible" for non-compliance.

As this court will recall the declaration of Denise Wilson, Compliance Officer for Fiserv Trust Company was submitted into evidence attached to Debtor's Opposition which was filed on July 18, 2007. That declaration establishes that neither the Internal Revenue Service nor a court has ever made a determination that the IRA that William Patrick's funds are in is not exempt. This satisfies the first requirement set forth in Section 522(a)(4)(B)(i).

The only other issue then becomes whether subsection (ii) has been complied with. To comply with subsection (ii) the court must find either "substantial compliance" or that the failure to comply was not materially the debtor's fault.

I.

WILLIAM PATRICK'S IRA IS IN SUBSTANTIAL COMPLIANCE

The 'once a year' rollover provision in the Internal Revenue Code was put into effect to prevent too much shifting of investments. At the same time, there are numerous exceptions to this rule. Under the Internal Revenue Code a direct trustee to trustee transfer can occur an unlimited number of times. In addition, it is also important to note that had the check been payable to "First Private Bank & Trust as Trustee of the Individual Retirement Account of William Patrick" (not merely William Patrick) again it would be clear that there is no limit on the number of times that this transaction could have taken place during one year. Treas. Reg. §1.401(a)(31)-1, Q&A-4. But these options were never explained to William Patrick by his IRA custodian.

In determining whether or not the plaintiff is in substantial compliance it is important to review the legislative history. Congress was concerned about transfers from one IRA account to a different IRA account – not transfers back to the same IRA account. As noted in legislative history:

> "Rollovers.-- To permit flexibility with respect to the investment of an individual retirement account, the bill provides that money or property may be distributed from an individual retirement account, without payment of tax, provided this same money or property is reinvested by the individual within 60 days in another qualifying individual retirement account."
> [underline added]

Senate Report No. 93-383 (Aug. 21, 1973) at p. 5018.

Congress did not contemplate the situation when the funds would be returned to the same account. Rather, Congress was concerned about the "shifting" of investments. But where funds are returned to the exact same investment (a Certificate of Deposit) at the exact same bank, in the same type of account, that legislative concern is not at risk.

Further, as noted in this Counsel's prior brief, the Secretary of the Internal Revenue Service has discretion to waive the 60-day requirement if an individual takes a check from his retirement account and never deposits or cashes the check and simply returns it to the same account. Congress specifically believed that it would be against "equity or good conscience" to apply the 60 day rules in this context.

4

In this case each time the funds were returned to the very same investment at the very same lender within 60 days, and the check was never cashed. None of the policy implications inherent in the original enactment of ERISA are jeopardized in this case. For that reason it is requested that this court find that William Patrick and that the plan itself were in substantial compliance with the Internal Revenue Code of 1986.

II.

WILLIAM PATRICK IS NOT MATERIALLY RESPONSIBLE

IF THERE IS ANY NON-COMPLIANCE

William Patrick was specifically advised by an employee of First Private Bank & Trust that he was required to return funds to his IRA account at First Private Bank & Trust within 60 days. Mr. Patrick was never told that this was limited to once per year, nor was he aware of any such limitation. Mr. Patrick was also unaware of the possibility that returning funds to the same account within 60 days could be considered a rollover in the first place. Finally, First Private Bank and Trust never advised Mr. Patrick that he could do a a direct trustee to trustee transfer, or that he could or should have the check payable to "First Private Bank & Trust as Trustee of the Individual Retirement Account of William Patrick."

First Private Bank & Trust gave Mr. Patrick woefully incomplete information when all it told him was that he was required to return funds within 60 days. First Private Bank & Trust did not advise Mr. Patrick of the alternatives available to him (such as a direct trustee to trustee transfer, or having the check payable to "First Private Bank & Trust as Trustee of the Individual Retirement Account of William Patrick"). It is the responsibility of employees of First Private Bank & Trust to give correct information and they failed in that regard. The fact that all three checks were returned within 60 days shows the fact that Mr. Patrick was aware of the 60-day rule. The fact that it was done three times shows that William Patrick was never made aware of the fact that this could jeopardize the account in any way.

5

Main Document      Page 6 of 9

1 | It is First Private Bank and Trust which is materially responsible for any
2 | failures which may have occurred - - not William Patrick.  For that reason the plan also
3 | complies under subsection (ii) of 523(b)(4)(D)(ii).
4 |
5 | DATED:      October 10, 2008            Sharf Law Firm
6 |
7 | _____/s/_____
  | Mark M. Sharf, Esq., Counsel for
8 | William S. Patrick

## DECLARATION OF WILLIAM S. PATRICK

I, William S. Patrick, declare:

1. I am over 18 years of age. I am the debtor in the within bankruptcy case. I have personal knowledge of the facts set forth herein and, if called as a witness, I would and could testify completely with respect thereto.

2. During 2006 I was advised by Debbie Alberico, an employee of First Private Bank & Trust, that I had to return funds to my IRA account at First Private Bank & Trust within 60 days of when I obtained a Cashier's Check from my IRA. I am almost certain that this conversation occurred the second time I obtained a large Cashier's check from my IRA account at First Private Bank & Trust during July, 2006. I was never told that this was limited to once per year, nor was I ever aware of any such limitation. I was also never told that I could do a direct trustee to trustee to trustee transfer, and quite frankly I do not know what that means. I was also never told that I could have the check payable to "First Private Bank & Trust as Trustee of the Individual Retirement Account of William Patrick" to avoid any possible tax issues. I was also unaware of the possibility that returning funds to the same account within 60 days could be considered a rollover in the first place.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 10th day of October, 2008 at Encino, California.

*/s/ William S. Patrick*
William S. Patrick

| | |
|---|---|
| 1 | **PROOF OF SERVICE BY MAIL** |
| 2 | I am self employed in the State of California. I am over the age of 18 years and not a party to the within action; my business address is 15821 Ventura Boulevard, Suite 245, Encino, California 91436. |
| 3 | |
| 4 | On the 10th day of October, 2008, I served the foregoing document described as **RESPONSIVE BRIEF RE LEGISLATIVE HISTORY AND SUBSTANTIAL COMPLIANCE DOCTRINE; SUPPLEMENTAL DECLARATION OF WILLIAM PATRICK** on parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Encino, California, addressed as follows: |
| 5 | |
| 6 | |
| 7 | |
| 8 | SEE ATTACHED SERVICE LIST |
| 9 | I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Encino, California. The envelope was mailed with postage thereon fully prepaid. |
| 10 | |
| 11 | I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| 12 | Executed this 10th day of October, 2008, at Encino, California. |
| 13 | |
| 14 | /s/<br>Mark M. Sharf |

(Lines 15–28 blank)

<u>Service List</u>

<u>Attorney for Creditor Walter Prince</u>
Allan D. Sarver
16633 Ventura Blvd.
Suite 800
Encino, CA 91436

<u>Office of the US Trustee</u>
U.S. Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367

<u>Counsel for Chapter 7 Trustee</u>
Daniel Gill
Law Offices of Ezra/Brutzkus/Gubner LLP
21650 Oxnard St., Ste 500
Woodland Hills, CA 91367